## PRT Employees' Union et al. v. Pennsylvania Labor Relations Board et al.

*A. Evans Kephart*, and *Lord, Hodgson & Freney*, for plaintiffs.

*George L. Reed*, solicitor, *M. Louise Rutherford*, Deputy Attorney General, and *James H. Duff*, Attorney General, for defendant Labor Relations Board.

*Walter H. Compton* and *Harry Sacher*, for defendant Transport Workers Union.

RICHARDS, J., P. J., O. C., specially presiding, November 12, 1943.—On September 1, 1943, plaintiffs filed in this court their bill of complaint against defendants. The bill prayed that an injunction be issued restraining defendants from proceeding with an investigation and certification of representatives for the employes of the Philadelphia Transportation Company. On the same date this court issued a rule to show cause why an injunction should not issue. On October 1, 1943, the Transport Workers Union of Philadelphia, Local 234, was permitted to intervene as a party defendant. Both the original defendant and the intervening defendant filed preliminary objections to the

bill. Answers were filed to each. With the record in this shape, the case was argued before the court in banc.

## Facts

We will endeavor to state the facts as simply as possible.

The PRT Employees Union was the recognized bargaining agent of the employes of the Philadelphia Transportation Company. It made contracts with the employer. The latest contract covers a period of one year from February 11, 1943, with provision that it be continued from year to year unless properly terminated. In the meantime, the Transport Workers Union of Philadelphia, Local No. 234, claimed the right to represent the employes in bargaining with the employer. It petitioned the Labor Relations Board on June 24, 1943, for investigation and certification of representatives of employes of the Philadelphia Transportation Company. A similar petition was presented by the Brotherhood of Railroad Trainmen, Transit Lodge No. 472. These two proceedings were docketed to different numbers but consolidated for purposes of investigation. In the meantime, the PRT Employees Union (plaintiff herein) and the Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America were allowed to intervene in the proceedings before the board. The latter filed a motion to dismiss the inquiry because of lack of jurisdiction before the board. The Transport Workers Union, C. I. O., also petitioned for an election to determine the collective bargaining representatives. A number of hearings were held. A further hearing was scheduled for September 2, 1943, but not held because of the filing of the bill of complaint on September 1, 1943. The answers filed, raising preliminary objections to the bill, make two points: (1) The bill fails to state a cause of action; (2) there exists an adequate remedy at law.

## Discussion

We will first consider whether or not the bill states a cause of action.

It is the contention of plaintiff that, when the collective bargaining representatives of the employes have been certified, and have executed a contract with the employer, no new inquiry or certification may be made by the board until the contract has expired, or, at least, until a reasonable time before its expiration. In the present case, they say, the contract has not expired and the time is not a reasonable one. On this theory, they say that the board has no jurisdiction, and having none, the court may and should restrain the board.

Defendants, on the other hand, contend that the duty of the board to investigate and certify is mandatory; that this may be done before the expiration of the contract; that the authority of the new representatives, if any, is limited to negotiation of a new contract which can take effect only after the expiration of the present one; that the jurisdiction of the board is clear; and that hence the court may not enjoin the board from conducting the investigation and certifying those entitled to represent the employes.

It must be borne in mind that the issue here involved is not the right of new representatives of the employes to negotiate a new contract with the employer while a former contract is still in force. The real issue is the right of the board, while an existing contract is in force, to investigate and certify those who shall represent the employes. No contention has been made in the pleadings or in argument that, in the event that the investigation resulted in the certification of new representatives for the employes, such new representatives would have any standing to revoke the present contract or to make a new contract to be effective before the expiration of the present one. As stated above, the present contract was executed on February 11, 1943, and the request for investigation and certification by the board was made on June 24, 1943.

Section 7(c) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of June 9, 1939, P. L. 293, 43 PS §211.7, provides in the first sentence:

"(c) Whenever a question arises concerning the representation of employes the board may, and, upon request of a labor organization, . . . shall investigate such controversy and certify to the parties, in writing, the name or names of the representatives who have been designated or selected."

Plaintiff has admitted that the Transport Workers Union is a labor organization within the meaning of section 3(f) of the act. It, therefore, had a right to request the investigation and certification. There is nothing in the act which limits the time when such investigation or certification shall be made. The act says it may be done "whenever a question arises concerning the representation of employes". "Whenever" means at any time. If it be argued that such a provision is too liberal, or is not conducive to industrial peace, the answer is that the legislature has so provided. If relief is to be sought from such a provision, it must be sought from the legislature. We think the provision is clear and that the board is required to make the investigation and certification when requested to do so by a labor organization. Our thought is confirmed by the opinion of the Supreme Court, written by Mr. Justice Allen M. Stearne, in Shafer Petition, 347 Pa. 130, 134. In discussing the same section quoted above, 7(c) as amended, the court said:

"The purpose of the amendments is manifest. The legislature intended that it should be *mandatory* upon the Board to *institute an investigation* of questions concerning representation at the request of (1) a labor union, (2) a 'fair' employer, or (3) thirty percent of the employees in the bargaining unit."

The fact that a present contract exists does not make the provision any the less mandatory.

The Court of Appeals of New York had to consider a very similar situation in Triboro Coach Corp. et al. v. New York State Labor Relations Board et al., 286 N. Y. 314. There it was sought to have new representatives certified during the pendency of an existing contract, under statutory provisions quite similar to those of this Commonwealth. The court's opinion held (p. 322) :

"The decision of the courts below does not deprive the Transport Workers Union, or any other union, of the right to organize the employees of Triboro . . . Such organization may be attempted at any time, and the Board may certify the new union as the appropriate bargaining unit for the purpose of entering into further contracts with the employer upon the expiration of the existing contract. However, there is nothing in this right of union members to select a new bargaining representative which would impair the sanctity of the obligations of the existing contract while that contract was still in force."

The dissenting opinion, written by Chief Justice Lehman, states as follows (p. 343) :

"Though the statute in express terms sanctions contracts with a closed shop provision if made with authorized representatives of the employees, it does not, at least in express terms, prohibit the employees from choosing new representatives during the term of the contract. In the absence of such a prohibition, employees have a right to change their choice and, when that fact has been brought to the attention of the Board in manner provided in subdivision 3 of section 705, it is the duty of the Board to investigate the claim."

The United States Court of Appeals for the District of Columbia also considered the right to determine who should represent employes when an existing contract was in force: National Federation of Railway Workers v. National Mediation Board, 110 F. (2d) 529. The

board made an investigation of a labor dispute and conducted an election, resulting in a change of representation during the pendency of a contract. Upon appeal, the court said (p. 532) :

"In endeavoring to disprove the existence of a dispute, the Federation pointed out that the coach cleaners had negotiated a contract with the carrier respecting their employment through the Federation, and were satisfied with the same at the time the Board determined that a dispute existed. The fact that employees have amicable relations with their employers does not, however, preclude the existence of a dispute inter se as to the representative for collective bargaining purposes. Indeed, a representation dispute within the meaning of Section 2 of the Railway Labor Act, 45 U. S. C. A. §152, is a 'dispute . . . *among a carrier's employees* as to who are the representatives of such employees . . .' "

It seems to be clear, therefore, that an existing contract between an employer and representatives of the employes does not preclude the board from conducting an investigation to determine who shall represent the employes in the future, nor from certifying those found to be entitled to represent the employes. Plaintiffs have not referred us to any authority to the contrary. This being so, the board is doing precisely what the act directs it to do and is not exceeding its authority. Under these circumstances there is no unlawful or unwarranted act by the board which this court may restrain. This conclusion renders it unnecessary to discuss the question of an adequate legal remedy. There is a right to an appeal, but that question is not now before us.

### Order

And now, to wit, November 12, 1943, the bill is dismissed at the costs of plaintiffs.