In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against TOFFENETTI RESTAURANT COMPANY, INC., Respondent.

Supreme Court, Special Term, New York County, December 16, 1943.

*William E. Grady, Jr., William J. Kridel* and *David Kornblum* for petitioner.

*Teitelbaum & Teitelbaum* for respondent.

STEUER, J. This application is made pursuant to section 707 of article 20 of the Labor Law for an enforcement order. It is well settled that upon such an application the only issues are whether the Labor Relations Board's findings are supported by substantial evidence and was the order proper when made. (*Matter of N. Y. State Labor Relations Bd. v. Timen,*

264 App. Div. 120.) On the first proposition it has been repeatedly announced that the presence of such testimony is the sole test regardless of its weight, or the inferences that may be drawn from it. (*Matter of Stork Restaurant, Inc., v. Boland,* 282 N. Y. 256; *Matter of Davega-City Radio* v. *State Labor Relations Bd.,* 281 N. Y. 13, and a host of others.)

The discharged employee testified he was told at the time that he was being discharged because of his union activities, and if that is believed,it is the end of the matter.

The other question is whether the Board's order was proper when made. The charge was upon two counts, wrongful discharge of an employee and a general claim of interference and coercion to prevent and discourage the employees from joining a union of their own choosing. The trial examiner found against the respondent on both counts but the Board rejected his findings on the second count. Yet the order of the Board proceeds as if it had sustained the finding. It ordered respondent to cease and desist from requiring its employees to refrain from joining a union and from discouraging membership in a union and to post notices to the effect that it will so cease and desist and that its employees are free to join a union.█ These are just the measures the Board would have adopted had it affirmed the findings of the trial examiner. While the Board is entitled to fix its own methods of carrying out its purposes (*International Association of Machinists* v. *N. L. R. B.,* 311 U. S. 72), it is apparent that a direction designed to cure an offense specifically found not to exist is not a proper order. Authority has been submitted to show that the requirement of posting of similar notices has been upheld, and it is true that not infrequently the courts have held that this humiliating procedure is within the Board's province. But to warrant such a direction there must be a finding that the practice designed to be corrected was present. The Board itself has ruled that the discharge of an employee for union activities is not in itself a finding of interference. (*Matter of Columbia Valet Service, Inc.,* 4 SLRB 512.)

The affirmative defenses merit no discussion. By this it is not meant that this court either adopts or approves the conclusions of the Board. Especially is this the case as to respondent's claim of harassment. Instead of a partisan discussion it is enough to say that this is just not a defense.

Motion is granted to the extent of requiring respondent to comply with sections 2(a), 2(b) and 2(d) of the petitioner's order of November 1, 1943. Settle order.