## York Telephone & Telegraph Company Employes Case

*Robert C. Fluhrer*, for appellant.

*James H. Duff*, Attorney General, *M. Louise Rutherford*, Deputy Attorney General, and *George L. Reed*, solicitor, contra.

SHERWOOD, P. J., September 21, 1945.—This matter is before the court on motion filed at the instance of the Pennsylvania Labor Relations Board to quash the statutory appeal of the York Telephone & Telegraph Company taken pursuant to section 9, clause (*b*) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of June 9, 1939, P. L. 293, 43 PS §211.9.

A petition was duly filed with said board requesting an investigation and certification of the employes of York Telephone & Telegraph Company under section 7, subsection (*c*) of the Pennsylvania Labor Relations Act of 1937, P. L. 1168, as amended. After proceedings had before the Pennsylvania Labor Relations Board on

said petition, the said board issued its decision and order fixing a time and place of election for the purpose of determining the agent for collective bargaining for said employes. On petition filed by the York Telephone & Telegraph Company, an appeal was allowed by this court. Subsequently a motion to quash this appeal was filed by the Pennsylvania Labor Relations Board and the matter is now before the court for decision.

At the argument, it was conceded that the pleadings raised two issues for the court's determination: (*a*) Is the order and decision of the board a final order within the meaning of the act? and (*b*) does the Pennsylvania Labor Relations Board have jurisdiction of this proceeding as the telephone company is engaged in interstate commerce?

As to the first question, the position of the board is that the decision is interlocutory and not final. With this we agree. The case is on all fours with that of Bakery Drivers' Union Appeal, 48 D. & C. 372 (1943), wherein it was held by the Court of Common Pleas of Allegheny County that a review is permitted only when the board issues an order pursuant to a certification of a bargaining representative and that an order directing an election is not an appealable order. In this opinion, Judge Thompson cites the pertinent Federal authorities, to wit, American Federation of Labor v. National Labor Relations Board, 308 U. S. 401, 60 S. Ct. 300 (1940), and National Labor Relations Board v. International Brotherhood of Electrical Workers, 308 U. S. 413, 60 S. Ct. 306 (1940). The court also cites pertinent authorities from other States, to wit, A. & P. Tea Co. v. Boland et al., 176 Misc. 258, 25 N. Y. S. (2d) 517 (1941), and Jordan Marsh Co. v. Labor Relations Commission, 312 Mass. 597, 45 N. E. (2d) 925 (1942).

In Inland Empire District Council, Lumber and Sawmill Workers Union, Lewiston, Idaho, et al. v. Millis, individually and as chairman and member of the Na-

tional Labor Relations Board et al., 325 U. S. 697 (1945), the Supreme Court of the United States, speaking through Mr. Justice Rutledge, said:

"An election, when held, is only a preliminary determination of fact. . . . A direction of election is but an intermediate step in the investigation, with certification as the final and effective action. . . . Nothing in §9(c) requires the Board to utilize the results of an election or forbids it to disregard them and utilize other suitable methods."

It would seem that it cannot be inferred that the legislature intended to give an employer the right of appeal from an order directing an election in view of the language employed in section 9, clause (b) of the Pennsylvania Labor Relations Act. The decisions of the Supreme Court prove that preliminary orders are not appealable in advance of the final order and that an employer cannot ask for judicial review until the Pennsylvania Labor Relations Board issues an order which prohibits the employer from engaging in unfair labor practices or which certifies the bargaining representative of employes.

In Coleman, Admr., et al. v. Huffman et al., 348 Pa. 580, an opinion handed down March 20, 1944, it was said by Mr. Justice Hughes at page 583:

". . . The law aims to dispose of litigation by a single appeal, and preliminary orders are not appealable in advance of final judgment except where so made by statute. . . . Unless there exists such a statute, an appeal will lie only from a definite order, decree, or judgment which finally determines the action. . . . The order entered in this case leaves the way open for further proceedings to determine the cause on its merits. It in no sense disposes of the action."

And again, in East & West Coast Service Corp. v. Papahagis, 340 Pa. 575 (1941), in a per curiam opinion, at page 576, it was said:

"The rule is settled beyond doubt that preliminary orders are not appealable in advance of final disposition of the case except when made so by statute . . ."

The general rule is that, where a proceeding is contrary to the common law, no appeal is permitted except as expressly allowed by statute, and, in all such cases, the legislative provisions conferring the right of review must be strictly adhered to: Smith v. Scholl, 262 Pa. 124 (1918). See also Carroll's Appeal, 336 Pa. 257 (1939).

The position of the Pennsylvania Labor Relations Board that the legislature did not intend an order directing an election of employes to be an appealable order is proven by section 7 of the act. Clause (c) of section 7 provided:

"Whenever a question arises concerning the representation of employes the board may, and, upon request of a labor organization, . . . shall investigate such controversy and certify to the parties, in writing, the name or names of the representatives who have been designated or selected . . ."

Further, clause (c) expressly provides that "if either party to the controversy so requests, a secret ballot of employes shall be taken within 20 days after such request is filed". The Supreme Court has held that it is mandatory for the board to hold an election if an election is requested: Shafer Petition, 347 Pa. 130 (1943).

Wherefore, it is obvious that before certification, there must be an election, if an election is requested. It is therefore certain that certification is the final order and an election is an intermediary step in the administrative process. We feel, therefore, that preliminary orders in advance of final disposition of the case shall not be subject to judicial review, and consequently the board should be permitted to carry through its investigation in order that it may initially determine whether the original petition should be dismissed, or whether there should be an order of certification.

We conclude that the order of the board directing an election was only an intermediate step in the investigation, with certification as the final and effective action. It is this final, effective action which is appealable by any party aggrieved.

The York Telephone & Telegraph Company insists that the Pennsylvania Labor Relations Board lacks jurisdiction due to the fact that it is engaged in interstate commerce and that, therefore, the National Labor Relations Act is applicable and that proceedings looking toward investigation and certification must be proceeded with under the Federal act. The same question was before Judge Richardson in the case of Petition of Equitable Gas Company, 51 D. & C. 653, where it was said (p. 659) :

"Being of opinion that the oper^tions of Equitable affect interstate commerce, we must determine whether the Pennsylvania board had authority to certify a bargaining agent for the telephone department employes. If their work affects interstate commerce, the National board has author^ty to certify a bargaining agent for them. It has not acted. Assuming the propriety of the exercise of authority by the National board over a labor dispute affecting interstate commerce, that board's authority would be paramount, and the State board's jurisdiction over the same dispute would be ousted. In the present case, however, there is no clash between Federal and State authority. The National board has not acted. The Legislature of Pennsylvania has conferred on the board jurisdiction over persons subject to the National Labor Relations Act. Our question is whether the legislature has the power to confer such jurisdiction upon the board.

"A reading of the authorities which deal with the question leads to the conclusion that the passage of the National Labor Relations Act did not ipso facto preclude State legislation applicable to the same situations, and that the State labor relations boards can act

under such legislation until such time as they are ousted by the exercise of jurisdiction by the National Labor Relations Board under the National act: See Davega City Radio v. State Labor Relations Board, 281 N. Y. 13, 22 N. E. (2d) 145; Wisconsin Labor Relations Board v. Fred Rueping Leather Co., 228 Wis. 473, 279 N. W. 673; Allen-Bradley Local No. 1111, United Electrical, Radio & Machine Workers of America et al. v. Wisconsin Employment Relations Board et al., 237 Wis. 164, 295 N. W. 791, affirmed in 315 U. S. 740. In the latter case, the question whether inconsistent State labor legislation may properly apply to businesses which come within the purview of the N. L. R. A. was squarely raised. The Wisconsin court held that the National act is designed to deal with labor controversies which substantially affect interstate commerce, without affecting the right of the States to enact legislation in the exercise of the police power. The court said there could be no conflict between the two acts until they were applied to the same dispute, in which event the Federal jurisdiction would become paramount and exclusive. The Supreme Court of the United States confined its review to the precise facts of the case and affirmed on the narrow ground that the State had the right, in connection with its police power, to prevent breaches of the peace in connection with labor disputes. The court 'intimate[d] no opinion as to the validity of other types of orders in cases where the Federal board has not assumed jurisdiction'.

"We are of opinion that, in the absence of an exercise of jurisdiction by the National board in the matter, the Pennsylvania board had jurisdiction over the proceedings to certify a bargaining agent for the telephone department employes, and that the order of the board certifying Independent as such bargaining agent should be affirmed."

In the instant case, there is no clash of jurisdiction. No petition has been filed with the National Labor Relations Board nor has it indicated in any way its as-

sumption of jurisdiction. From these facts we conclude that until such time as the National Labor Relations Board indicates its intent to assume jurisdiction, the jurisdiction of the Pennsylvania Labor Relations Board is not ousted. It therefore, follows that the appeal must be quashed and the proceedings remanded to the Pennsylvania Labor Relations Board.

And now, to wit, September 21, 1945, it is ordered, adjudged and decreed that the motion to quash the appeal, filed by the York Telephone & Telegraph Company, is sustained, the appeal quashed, and the case is remanded to the Pennsylvania Labor Relations Board to complete its investigation as it is commanded to do by the Pennsylvania Labor Relations Act.