## In re Media Drug Stores, Inc.

*Samuel D. Goodis,* for appellant.

*George L. Reed,* for Pennsylvania Labor Relations Board.

MILNER, J., March 14, 1946.—We have before us the petition of Media Drug Stores, Inc., an employer, for review of an order of the Pennsylvania Labor Relations Board certifying that the Retail Cigar, Drug and Luncheonette Employees Union, Local 1034, an affiliate of the Congress of Industrial Organizations, is the exclusive representative of the majority of appellant's employes for the purpose of collective bargaining with Media Drug Stores, Inc.

The Media Drug Stores, Inc., operates 16 drug stores in Philadelphia, Pennsylvania, and surrounding suburban communities. Some of its employes be-

long to the Retail Cigar, Drug and Luncheonette Employees Union, Local 1034 (C. I. O.), hereinafter referred to as "Local 1034", and some to the Retail Clerks International Protective Association, Local 1390 (A. F. of L.), hereinafter referred to as "Local 1390". Appellant, on May 7, 1945, recognized Local 1390 as the collective bargaining representative of its employes. Local 1034 claimed that it represented the majority of the employes and on May 28, 1945, petitioned the Pennsylvania Labor Relations Board to investigate the matter and certify which labor union was entitled to be recognized as the representative designated or selected by a majority of the employes in an appropriate unit in accordance with the provisions of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, and more particularly section 7, subsection (c), thereof. The board, after hearings held for the purpose, determined that 132 of the employes were eligible to vote upon the question and fixed September 25, 1945, as the time for an election by secret ballot, for the purpose of determining the exclusive collective bargaining representative of all the employes of Media Drug Stores, Inc., in a unit consisting of the assistant managers, pharmacists, drug clerks, fountain employes, cosmeticians and porters. The election was held under the supervision of the labor relations board, and the board, after the canvass of the ballots, found that 76 ballots were cast by the employes at the election, of which 46 were in favor of representation by Local 1034, and 20 ballots in favor of Local 1390, and 10 ballots were returned in favor of neither organization. It thereupon filed a nisi decision and order certifying Local 1034 as the exclusive bargaining representative of the employes. Exceptions to this nisi decision and order were filed by the employer, Media Drug Stores, Inc., and the board, after hearing argument on the exceptions, dismissed them and filed its final order of certification on November 16, 1945, certifying Local

1034 as the exclusive bargaining representative of the employes. The employer, Media Drug Stores, Inc., then filed the petition for review of this final order of certification which is before us.

The gist of the petitioner's assignments of error, as the basis for review, are (1) that the employes voting at the election were not an appropriate unit, and (2) that inasmuch as the board certified 132 employes as eligible to vote at the election, the board was not justified in certifying Local 1034 as the collective bargaining representative because although it received the votes of a majority of those who participated in the election, it did not receive 67 or more votes or a majority of those eligible to vote.

As to the first point, appellant's complaint as expressed in its brief and argument is that the board included in the "appropriate unit" employes of the employer's stores outside of Philadelphia. It maintains that the employes in the stores in the suburbs outside the city limits should not have been included. We have examined the whole record and are of the opinion that the findings of fact made by the board are supported by substantial and legally credible evidence, and justified its determination of the "appropriate unit" of employes, and we cannot find any facts in the record or any good or persuasive reason for only including in the "appropriate unit" employes of the stores within the city limits. We have also noticed that the petitioner made no objection to the inclusion of employes of the suburban stores during the hearings before the board held for the purpose of determining who should be included in the "appropriate unit". The Pennsylvania Labor Relations Act entrusts to the labor relations board the function of determining primarily the "unit appropriate for the purposes of collective bargaining". See Pennsylvania Labor Relations Act, supra, as amended by Act of June 1, 1945, P. L. 1379, 43 PS §211.

Petitioner's second contention that the board was in error in certifying as the collective bargaining representative the union which received the majority of the votes of those who voted at the meeting held for the purpose of choosing a collective bargaining representative is without any basis of legal authority. The board followed the rule laid down by the Supreme Court of the United States in Virginian Railway Co. v. System Federation No. 40 et al., 300 U. S. 515, 57 S. Ct. 592, a case arising under the Railway Labor Act, wherein Mr. Justice Stone said at page 560:

"Election laws providing for approval of a proposal by a specified majority of an electorate have been generally construed as requiring only the consent of the specified majority of those participating in the election. . . . Those who do not participate 'are presumed to assent to the expressed will of the majority of those voting.' "

The same rule obtains in elections conducted by the National Labor Relations Board under the National Labor Relations Act: New York Handkerchief Mfg. Co. v. National Labor Relations Board, 114 F.(2d) 144; National Labor Relations Board v. Central Dispensary and Emergency Hospital, 145 F.(2d) 852 (1944), in which case certiorari was denied by the Supreme Court of the United States on February 26, 1945 (324 U. S. 847); National Labor Relations Board v. Standard Lime & Stone Co., 149 F.(2d) 435 (1945).

Mr. Justice Stearne in Shafer Petition, 347 Pa. 130, at p. 132, in commenting on the provisions of the Pennsylvania Labor Relations Act relating to holding elections of employes for the purpose of choosing a collective bargaining representative, said:

"The Pennsylvania Labor Relations Act of 1937 was obviously imitative of the National Labor Relations Act of July 5, 1935, sometimes designated the Wagner Act, . . ."

The rule stated in the Virginia Railway Company case, supra, has been followed in the decisions of the Supreme Court of Pennsylvania. See Craig v. First Presbyterian Church of Pittsburgh, 88 Pa. 42, Schlichter v. Keiter, 156 Pa. 119, Commonwealth ex rel. Heil v. Stauffer et al., 289 Pa. 139, Munce et al. v. O'Hara, 340 Pa. 209.

We are of the opinion for the reasons set forth above that petitioner's exceptions to the order of the board are without merit and present no grounds for setting aside the said order of certification.

There was no suggestion of improper conduct or irregularity in the conduct of the election in this case and no petition for review has been filed by Local 1390, the union which was unsuccessful at the election.

The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, sec. 9, as amended by the Act of May 18, 1945, P. L. 656, provides that "Any person aggrieved by a final order of the board . . . may obtain a review of such order in the court of common pleas. . . ." There is a serious question as to whether the petitioner in this case is a "person aggrieved". This question was not raised in the present case and we are not called upon to pass upon it, except to call attention to the fact that logically the "person aggrieved" in this case is the unsuccessful union which has not challenged the certification in these proceedings. Furthermore, there is authority for the proposition that a certification by a labor relations board of a representative for purposes of collective bargaining is not a final order which is subject to review or appeal, but is merely a certification of a fact. It has been held that, "Until the Board makes a final order commanding the Company to do something, its jurisdiction is exclusive and complete and its order may not be reversed or set aside if there is any substantial evidence to support it. Consequently until the Board makes a final order by which some person is aggrieved the proceedings of the Board

may not be judicially reviewed or enjoined.": United Employees Assn. v. National Labor Relations Board, 96 F.(2d) 875, 876. To the same effect see also McNary's Appeal, 33 D. & C. 429, Bakery Drivers' Union Appeal, 48 D. & C. 372, 375 (1943).

### Order

And now, March 14, 1946, the petition of Media Drug Stores, Inc., for the review of and setting aside of the decision and final order of certification of the Pennsylvania Labor Relations Board filed herein on November 16, 1945, is hereby dismissed.