In the Matter of CORONET HOTEL CORPORATION, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, October 11, 1949, on reargument, November 2, 1949.

*Mayersohn, Domph & Rosenberg* for petitioner.

*Nathan W. Math* for respondents.

GAVAGAN, J. This is a proceeding to restrain the New York City Temporary City Housing Rent Commission from exercising or attempting to exercise jurisdiction over the rents charged by the petitioner, Coronet Hotel Corporation, which operates the Hotel Standish Arms, located in the borough of Brooklyn, in this city, on the ground that such rent commission no longer has the power or authority to take any action with reference to fixing rentals for tenants of the hotel.

The hotel in question is alleged to be a predominatingly residential hotel, occupied largely by nontransient tenants. In October, 1948, certain of these tenants complained to the respondents that the hotel had diminished and discontinued services previously rendered, and applied to the commission for the restoration of such services and for a reduction in the rentals pending such restoration.

The hotel was furnished a copy of the complaint and filed an answer denying any diminution of services and the tenants filed a reply. Following unsuccessful efforts to adjust the controversy the hotel was directed by the commission to show cause why the maximum rents, theretofore established by the commission, should not be adjusted or suspended, and hearings before a hearing officer of the commission were commenced on March 23, 1949, extending until May 5, 1949.

Subsequently the hearing officer found that there was a diminution of the services and recommended a 7% reduction in the rentals paid by the tenants.

Both sides filed objections to the report and a hearing on the objections was set for July 19, 1949, but prior to such date the petitioner instituted the present proceeding based upon the contention that the enactment and taking effect of the Federal Housing and Rent Act of 1949 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) put an immediate end to the jurisdiction of the New York City rent commission over the Hotel Standish Arms

or the rents being charged therein, or over any other hotel rents in the city of New York.

All parties to this controversy recognize the well-established principle that when Congress has acted with intent to pre-empt the field of regulation in a matter over which Congress has authority to rule, State and local laws must yield to the Federal statute (*Southern Ry. Co.* v. *Railroad Comm. of Indiana,* 236 U. S. 439; *Pennsylvania R. R. Co.* v. *Public Service Comm.,* 250 U. S. 566).

Before this principle of the supremacy of an act of Congress can be applied, however, the "repugnance or conflict should be direct and positive, so that the two acts [can] not be reconciled or consistently stand together". (*Sinnot* v. *Davenport,* 22 How. [U. S.] 227, 243; *Missouri, K. & T. Ry. Co.* v. *Haber,* 169 U. S. 613, 623; *Reconstruction Finance Corp.* v. *Central Republic Trust Co.,* 17 F. Supp. 263, affd. *sub nom. Reconstruction Finance Corp.* v. *McCormick,* 102 F. 2d 305, certiorari denied 308 U. S. 558.)

It should never be held that Congress intends to supersede or by its legislation suspend the exercise of the police powers of the States, even when it may do so, "unless its purpose to effect that result is clearly manifested." (*Reid* v. *Colorado,* 187 U. S. 137, 148.)

This necessity for a clear manifestation of Congressional intent to prevent the States from exercising their police powers has been repeatedly emphasized (*Missouri, K. & T. Ry. Co.* v. *Harris,* 234 U. S. 412; *Allen-Bradley Local* v. *Wisconsin Employment Relations Bd.,* 315 U. S. 740, 749; *Matter of Davega-City Radio* v. *State Labor Relations Bd.,* 281 N. Y. 13). Such intent is not to be inferred from the mere fact that Congress has seen fit to circumscribe its legislation and to occupy a limited field (*Savage* v. *Jones,* 225 U. S. 501, 533). Even if the Federal Government has legislated in a particular field, local regulation in that field is not necessarily prohibited unless national uniformity is essential. The State or municipal statute will be stricken only if — in terms or in practical administration — it conflicts with the Federal law or infringes on its policy (*Hill Packing Co.* v. *City of New York,* 295 N. Y. 527; *Southern Pacific Co.* v. *Arizona ex rel. Sullivan,* 325 U. S. 761, 766). States and municipalities are not barred from adopting legislation dealing with the same subject as a Federal statute and designed to assist in its enforcement, and the States may legislate in areas not governed by the Federal statute even though both acts deal with

the same subject matter (*Dickson* v. *Uhlmann Grain Co.*, 288 U. S. 188).

The emergency control of rents has been held to be " an affair for a concurrent Federal and State action, at least until the field is pre-empted by Congress and so long as local legislation in that field does not conflict with the letter or policy of any Federal enactment " (*Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419, 425, citing *Block* v. *Hirsh*, 256 U. S. 135; *Gilbert* v. *Minnesota*, 254 U. S. 325; *Southern Pacific Co.* v. *Arizona ex rel. Sullivan*, 325 U. S. 761, *supra*; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.*, 330 U. S. 767, 772–773). No conflict was found between Local Law No. 66 of 1947 of the City of New York, as validated by chapter 4 of the Laws of 1948, and the Federal Housing and Rent Act of 1947 (*Matter of Molnar* v. *Curtin*, 273 App. Div. 322, affd. 297 N. Y. 967). There, as in the case of *Matter of Tartaglia* v. *McLaughlin* (*supra*) it was pointed out that the Federal act contains no prohibition against local complementary action by the States, though such a prohibition did appear in an earlier version of the Federal legislation (see Emergency Price Control Act of 1942, § 2, as amd. by Price Control Extension Act of 1946, § 5; U. S. Code, tit. 50, Appendix, § 902).

If Congress were attempting to take over exclusive control of the entire area of hotel rentals it could easily and simply have made such intention clear by inserting in the 1949 statute the brief statement which was in the earlier enactment. Its failure to do so necessitates the conclusion that it had no such intention.

In the absence of a clear statement by Congress that it was pre-empting the field of controlling rents in hotels in New York it does not follow that, by the enactment of a Federal law controlling hotel rentals by fixing a maximum ceiling for such rentals, necessarily and by itself, Congress was declaring its intention to assume exclusive control over the housing accommodations therein involved. The manifestation of such intent must be clear and should not be left to conjecture. Where the result of the Federal act would be to curtail what is otherwise an exercise of the State's police power, such an intent is not to be inferred, but must be clearly indicated (*Kelly* v. *Washington ex rel. Foss Co.*, 302 U. S. 1; *Reid* v. *Colorado*, 187 U. S. 137, *supra*; *Matter of Davega-City Radio* v. *State Labor Relations Bd.*, 281 N. Y. 13, *supra*).

The inconsequential variances between the local law and the Federal statute do not concern the essential aspects of either enactment and are not of sufficient consequence to put the munici-

pal enactment in conflict with the National statute. Before the Federal law can be held to have superseded a local or State regulation, the requirements of the respective statutes must differ in substantial respects (*Matter of Davega-City Radio* v. *State Labor Relations Bd., supra*).

There is no force in the petitioner's contention that the enactment of Local Law No. 21 of 1948 is invalid due to the change in expiration date from that contained in the earlier law. Local Law No. 21 was enacted in accordance with and under the authority given by the Legislature of the State of New York, as contained in chapter 487 of the Laws of 1949.

The application for a restraining order is accordingly denied.

(On reargument, November 2, 1949.)

The motion by the petitioner for a reargument of its previous application for an order staying the Temporary City Housing Rent Commission of the City of New York from acting with respect to rentals of accommodations in hotels within New York City is granted. Upon such reargument and a careful consideration of all the papers before me on the original motion and after weighing the contention now advanced by the petitioner, I am not convinced that my original determination should be changed.

The instant application is bottomed entirely upon the provisions and language of subdivision (j) of section 204 of the Housing and Rent Act of 1947, as added by subdivision (h) of section 203 of the Housing and Rent Act of 1949 (Public Law 31, 81st Cong., 1st Sess.). The petitioner concedes that it failed to call attention specifically to this section in its argument or memorandum on the original motion which, however, could not properly be decided until the court had studied carefully every provision of the Federal law to determine which statute contained any pronouncement which would amount to a " clear statement by Congress that it was pre-empting the field of controlling rents in hotels in New York ". It was pointed out that " the manifestation of such intent must be clear and should not be left to conjecture " and the authorities were cited to support the rule stated repeatedly that: " such an intent is not to be inferred, but must be clearly indicated ". (*Kelly* v. *Washington ex rel. Foss Co.*, 302 U. S. 1; *Reid* v. *Colorado*, 187 U. S. 137; *Matter of Davega-City Radio* v. *State Labor Relations, Bd.*, 281 N. Y. 13.)

On this application for reargument the petitioner concedes the correctness of the basic legal principles set forth in the court's opinion.

The provision emphasized now received considerable publicity while the new rent law was debated in the Congress. A reading of its provisions instead of indicating an intent to *exclude* State or local control outlines conditions under which State or local control shall become exclusive.

A reading of the section indicates that some measure of local control is contemplated after the Federal act becomes operative. The following language in paragraph (1) of subdivision (j): "Whenever * * * the legislature of such State has adequately provided for the establishment and maintenance of maximum rents, or has specifically expressed its intent that State rent control shall be in lieu of Federal rent control " and upon the Governor of the State so advising the Housing Expediter, the rent controls under the Congressional statute " shall be terminated " cannot be construed in any way except to indicate dual control and not exclusive control by Congress.

It is unnecessary to refer to other language in the Federal statute which like the quoted provision refutes completely the petitioner's contention that Congress intended to exclude specifically all local action. There is nothing in the action now put forward by the petitioner which contains the slightest indication that local control and Federal control may not exist at the same time.

*By giving to the various States and localities the power to effect immediate Federal decontrol* Congress has signified its intention that there was to be joint and not exclusive control.