WALTER POWERS, Appellant, *v.* PORCELAIN INSULATOR CORPORATION, Respondent.

Argued January 9, 1941; decided March 6, 1941.

*William L. Clay* for appellant.

*John J. Mahoney* for respondent.

FINCH, J.   This is an action at common law wherein an employee seeks to recover damages for alleged *partial* disability on account of silicosis or other dust disease caused by the alleged negligence of the employer.   The employer,

after interposing an answer which admitted an employer-employee relationship, moved under rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint on the grounds that it failed to state a cause of action and that the court was without jurisdiction of the subject of the action. The motion was based on sections 66 and 72 of the Workmen's Compensation Law (Cons. Laws, ch. 67), which, according to defendant, not only deny compensation under the Workmen's Compensation Law, but also bar a recovery for damages in an action at common law where a claim is made for partial disability due to silicosis. The Supreme Court entered a judgment dismissing the complaint, and from that judgment plaintiff appeals directly to this court, attacking the constitutionality of such a statute. Accordingly we must first consider whether the plaintiff has brought his appeal according to the constitutional and statutory provisions governing appeals directly from a court of record of original jurisdiction. (State Const. art. 6, § 7, subd. 3; Civ. Prac. Act, § 588, subd. 3.)

As is well known, the Constitution makes two separate provisions for appeals to this court where constitutional questions are involved. Subdivision 1 of section 7 of article 6 allows an appeal, " as of right, from a judgment or order entered upon the decision of an appellate division of the supreme court which finally determines an action or special proceeding wherein is directly involved the construction of the constitution of the state or of the United States * * *."

In addition to the foregoing, provision is also made for an appeal from a final judgment or final order of a court of record of original jurisdiction, but such an appeal is confined to the very limited class of cases " where the only question involved on the appeal is the validity of a statutory provision of the state or of the United States under the constitution of the state or of the United States; and on any such appeal only the constitutional question shall be considered and determined by the court." (Subd. 3.)

Under subdivision 1 an appeal is properly lodged in this court if a substantial constitutional question is directly involved in the case on appeal (*Matter of Davega-City Radio, Inc.*, v. *State Labor Relations Bd.*, 281 N. Y. 13, 19), though other questions may also be involved. But where the appeal is taken under subdivision 3, if in order to reach a decision on the merits it is necessary to pass upon some question other than the constitutionality of a statute, as, for example, a question of statutory construction, then the case is not properly before this court on direct appeal and the appeal must be dismissed. (*Matter of Chirillo*, 283 N. Y. 417; *Doubleday, Doran & Co.* v. *Macy & Co.*, 269 N. Y. 272.) Plaintiff does not come here under subdivision 1, but has chosen to appeal as in a case provided for by subdivision 3, and it is by the more exacting requirements of the latter provision that this appeal must be tested.

The arguments of the parties become clearer if we have in mind a brief review of the history of sections 66 and 72 of the Workmen's Compensation Law.

Prior to 1935, the Workmen's Compensation Law made no provision for the payment of compensation for disability, partial or permanent, due to silicosis. In *Barrencotto* v. *Cocker Saw Co.* (266 N. Y. 139) an action was brought to recover damages at common law for injuries due to silicosis sustained as a result of the employer's negligence. Defendant moved to dismiss the complaint on the ground that section 11 of the Workmen's Compensation Law, entitled " Alternative remedy," provided, in substance, that the liability of an employer to pay compensation was exclusive and in place of any liability at common law. But this court held that by the terms of section 11 the Legislature had intended to bar actions at common law only in the field within which it had created liability or obligation to provide compensation for injury or disability regardless of fault. Since silicosis was not included in the schedule of compensable occupational diseases enumerated in subdivision 2 of section 3, those who suffered such injuries were free to bring an action at common law. The following year

the Legislature amended subdivision 2 of section 3 by adding a twenty-eighth category: " Any and all occupational diseases " (L. 1935, ch. 254; but this amendment did not apply where " the last injurious exposure   *   *   *   occurred prior to September first, nineteen hundred thirty-five "). Silicosis thus became a compensable disease and under the *Barrencotto* decision it also became subject to the bar of section 11 concerning actions at common law. In 1936 silicosis was excluded from paragraph 28 of subdivision 2 of section 3, and made the subject of a separate article in the Workmen's Compensation Law, article 4-A (L. 1936, ch. 887). The concluding section of article 4-A is section 72, entitled " Alternative remedy," which in language almost identical with that of section 11 provides that " The liability of an employer prescribed by this article shall be exclusive and in place of any other liability whatsoever, at common law or otherwise   *   *   *." But in the course of enacting article 4-A, the Legislature also provided that " Compensation shall not be payable for partial disability due to silicosis or other dust disease " (§ 66). This is the point at which plaintiff is aggrieved and which causes him to argue that if sections 66 and 72 taken together rule out both the payment of workmen's compensation and the recovery of damages at common law in cases of partial silicosis disability, article 4-A is to that extent unconstitutional.

For reasons appearing below, plaintiff's contention on the merits may not be considered at this time, and the appeal must be dismissed because there are involved questions other than the constitutionality of the statute.

Plaintiff's argument as to the validity of the 1936 amendment which enacted article 4-A is not clear as to whether it is directed against the validity of the provision of section 66 forbidding the payment of compensation, or whether it is directed against the provision of section 72, as apparently construed below, forbidding the recovery of damages at common law. There can be no doubt as to the validity of either one provision in the absence of the other. The Legislature is not bound to provide for compensation, and

it is no longer open to debate that the Legislature may provide for a scheme of compensation to the exclusion of any remedy at common law. (State Const. art. 1, § 18; *Barrencotto* v. *Cocker Saw Co., supra,* at p. 143.) In order for the plaintiff to succeed, therefore, the attack on either section 66 or section 72 must presuppose the existence of the other section. We will consider both alternatives.

If plaintiff were sustained in his contention that the 1936 amendment is unconstitutional in so far as it purports to deprive him and others similarly situated of the right to compensation theretofore created by the act of 1935, then it would follow that his rights are governed by the act of 1935 as relieved of the invalid amendment which the Legislature sought to engraft upon the statute. In that event plaintiff possesses not the right to recover damages at common law, but only the right to receive workmen's compensation. But if what plaintiff seeks is to assert his right to compensation, the only proceeding in which that right can be enforced is a claim for compensation submitted to the Industrial Board. (Workmen's Compensation Law, § 20.) The right to compensation is a right created by statute, and it is unquestioned that the Industrial Board is the only tribunal with authority to hear and determine the claim for compensation in the first instance. An action to recover damages at common law cannot conceivably lead to an award of compensation and, therefore, the question of the plaintiff's right to compensation cannot possibly be litigated in this action for damages which he has brought.

That brings us to the second alternative, to wit, whether plaintiff is entitled to sue at common law. In considering this alternative we assume that plaintiff would not be entitled to workmen's compensation, *i. e.,* the validity of section 66 is assumed. Even then, before we may pass upon the constitutionality of section 72, we must first determine the legislative intent as embodied in that section considered with other pertinent statutory provisions. On the one hand, respondent argues that, the Legislature

having in 1935 precluded any action at common law based on silicosis, the 1936 amendment denying compensation for partial disability was intended to prevent a recovery of either compensation or damages until the disability had become total or death resulted. On the other hand, it is urged that in enacting section 72, which bears a striking resemblance to section 11, the Legislature must be deemed to have intended that the bar to actions at common law was only to be co-extensive with the right to compensation. In other words, by striking partial disability on account of silicosis from the category of compensable injuries in 1936, the Legislature removed the bar to an action for damages at common law, *i. e.*, in lieu of the benefits available to the workman under the Compensation Law, the Legislature once more restored to the injured workman the right to an action at common law, which had been his right prior to the act of 1935.

The foregoing arguments are suggested by way of illustration only and it is not intended to pass upon the merits of either view or even to suggest that they exhaust the possible interpretations of section 72. We may go no further in the case of an appeal directly to this court from the judgment of a court of record of original jurisdiction when we find that there exists a real question as to the construction of the statute whose constitutionality is attacked. It is clear, therefore, that the appeal in the case at bar must be dismissed because there are presented questions other than the constitutionality of the statute whose validity is challenged by the appellant.

The parties, apparently in an effort to sift out of the case matters extraneous to the question of the constitutionality of the statute, have entered into the following stipulation: " that the appellant has no remedy under the Workmen's Compensation Law for the injuries complained of and that in the Court below the case was argued by counsel and decided by the Court on the theory that the plaintiff claimed he was suffering from a dust disease of the lungs and had brought this action to recover damages therefor."

Although private parties may stipulate that the sole question involved is the constitutionality of the statute which they concede applies (*Doubleday, Doran & Co. v. Macy & Co., supra; Matter of Chirillo, supra,* at p. 421), there is no such stipulation in the case at bar. By the terms of the stipulation quoted above, the parties agree merely that section 66 of the Workmen's Compensation Law furnishes no remedy. But it appears to us that the judgment on the pleadings dismissing the complaint necessarily must have been granted on the ground that the prosecution of this action at common law was barred by section 72 of the Workmen's Compensation Law. In those circumstances, the question first to be determined is whether the right to recover in an action at common law still remains available and that question is unaffected by the stipulation of the parties.

It follows, therefore, that the appeal should be dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Appeal dismissed.