LOUIE SCHERINI, Appellant, *v.* TITANIUM ALLOY COMPANY, Respondent.

Submitted June 19, 1941; decided October 23, 1941.

*William L. Clay* for appellant. The Workmen's Compensation Law (Cons. Laws, ch. 67), as amended, does not cover, or apply to, any case involving partial disability due to silicosis or other dust disease. (*Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139.) In enacting the amendment (L. 1936, ch. 887) to the Workmen's Compensation Law the Legislature did not provide a system of compensation for injury to workmen which is exclusive of every other remedy or right of action by an employee or any other person as it was empowered to do by section 19 of article 1 of the Constitution, but instead has expressly limited the application of the act. (*Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139; *Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199; *Swan* v. *Woolworth Co.*, 129 Misc. Rep. 500; *Connors* v. *Semet-Solvay Co.*, 94 Misc. Rep. 405.) If the effect of article 4-A of the Workmen's Compensation Law is construed to mean that persons contracting silicosis or other dust disease causing partial disability are barred from obtaining compensation under the Compensation Law, at common law, or in any other manner whatsoever, the act is unconstitutional in so far as it affects such persons. (*New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *People* v. *Schweinler Press*, 214 N. Y. 395.)

*Ralph W. Dox* and *Ulysses S. Thomas* for respondent. Article 4-A of the Workmen's Compensation Law deprives plaintiff of any right to maintain the action. (*Powers* v. *Porcelain Insulator Corp.*, 285 N. Y. 54; *Repka* v. *Fedders Mfg. Co.*, 239 App. Div. 271; *Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139; *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry*, 257 App. Div. 37; 282 N. Y. 466; *Matter*

*of Petrie,* 215 N. Y. 335; *Matter of Schurick* v. *Bayer Co.,* 272 N. Y. 217; *Matter of Cole,* 235 N. Y. 48; *Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287.) Sections 66 and 72 of article 4-A of the Workmen's Compensation Law are constitutional. (*Powers* v. *Porcelain Insulator Corp.,* 285 N. Y. 54; *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139; *Fearon* v. *Treanor,* 272 N. Y. 268; 273 N. Y. 645.)

*Thomas G. Rickert* and *Abel Klaw* for E. I. du Pont de Nemours & Company, Inc., *amicus curiæ.* The complaint shows that this action is based upon either an accidental injury or an occupational disease within the meaning of the Workmen's Compensation Law. (*Matter of Lerner* v. *Rump Bros.,* 241 N. Y. 153; *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139; *Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 318.) The Workmen's Compensation Law, as amended, applies to the claim set forth in the complaint herein so as to preclude the maintenance of this action. (*Repka* v. *Fedders Mfg. Co.,* 239 App. Div. 271; 264 N. Y. 538; *Powers* v. *Porcelain Insulator Corp.,* 285 N. Y. 54; *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469; *del Busto* v. *du Pont de Nemours & Co.,* 167 Misc. Rep. 920; *Moffet* v. *Harbison-Walker Refractories Co.,* 339 Penn. St. 112.) Both the amendments are valid and constitutional. (*New York Central R. R. Co.* v. *White,* 243 U. S. 188; *Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469; *Morris* v. *Muldoon,* 190 App. Div. 689; 229 N. Y. 611; *Farnum* v. *Garner Print Works & Bleachery,* 184 App. Div. 911; 229 N. Y. 554; *Repka* v. *Fedders Mfg. Co.,* 239 App. Div. 271; 264 N. Y. 538.)

*Per Curiam.* The suit is against an employer by a workman who alleges that while working in the employer's plant, plaintiff " sustained injuries to his health and aggravation thereof," that these injuries were not accidental in character, and that they were caused by the employer's negligence and by his violation of various statutes in failing

to keep the plant free of smoke, noxious gases and other impurities. The complaint further alleges that section 3, subdivision 2, of the Workmen's Compensation Law (Cons. Laws, ch. 67), as amended by chapter 254 of the Laws of 1935, and article 4-A of that act, as added by chapter 887 of the Laws of 1936, or "either or both" of those enactments, are unconstitutional and void, as leaving without any remedy workmen who suffer injuries from impure air conditions through an employer's fault, unless permanent and total disability results therefrom. The courts below have granted defendant's motion under Rules of Civil Practice, 107, subdivision 2, for a dismissal of the complaint on the ground that the court has not jurisdiction of the subject of the action because the alleged cause of action comes exclusively within the coverage of the Workmen's Compensation Law. While the complaint says nothing as to the dates of plaintiff's employment by defendant, the dates, as supplied by defendant's affidavit, and not disputed, are from November 5, 1936, to February 28, 1938. Nowhere in the complaint or affidavits is there any allegation that plaintiff has been disabled, partially or totally. In the absence of such an allegation, we of course cannot pass on the validity of provisions of article 4-A of the Workmen's Compensation Law that there shall be no compensation for partial disability due to dust diseases (§ 66), and that the liability of an employer prescribed by that article shall be exclusive and in place of any other liability whatsoever (§ 72).

Furthermore, even if the papers on this motion sufficiently alleged that plaintiff had been partly disabled by a dust disease through defendant's fault, we would not be in a position to pass on plaintiff's contention that sections 66 and 72 of the Workmen's Compensation Law are unconstitutional in so far as they provide that an employee shall have no remedy or recovery against his employer for a partial disability resulting from dust diseases. Whether this contention be correct or not, plaintiff cannot bring an action at law to recover for such a disability. Even if

sections 66 and 72 were held to be invalid, plaintiff's sole remedy would still be in proceedings under the Workmen's Compensation Law and his rights to compensation would be governed by the provisions of that statute, as it stood before sections 66 and 72 were enacted, as to compensation for disability from occupational diseases.

The judgment should be affirmed, with costs.

RIPPEY, J. (dissenting). Plaintiff brought this action to recover damages for injuries alleged to have been caused by defendant's violation of various statutes designed to protect workmen from injury and disease due to the inhalation of gases, fumes and dust. The complaint alleges that the injuries suffered by plaintiff were not within the purview of the Workmen's Compensation Law and that the Workmen's Compensation Law is unconstitutional in so far as it attempts to deprive of any remedy a person who suffers injuries to his lungs through his employer's negligence and violation of statute unless that person is totally disabled.

Defendant's motion to dismiss the complaint on the ground that the court did not have jurisdiction of the subject-matter of the action (Rules Civ. Prac. rule 107, subd. 2) was granted at Special Term. The Appellate Division, fourth department, has unanimously affirmed the judgment of dismissal without opinion on the authority of *del Busto* v. *Du Pont de Nemours & Co.* (259 App. Div. 1070). In that case judgment was granted upon the pleadings to dismiss the complaint upon the court's construction that the plaintiff sued for injuries arising out of inhalation of dust. It was held that section 72 of the Workmen's Compensation Law provides the sole and exclusive remedy for persons suffering from silicosis or other dust disease and that the amendment, article 4-A, sections 65–72, of the Workmen's Compensation Law (L. 1936, ch. 887), barring a claim for compensation for partial disability, was constitutional even though it left the workman partially disabled by silicosis or other dust disease without a remedy, no matter how flagrant the abuse which disabled him. Motion was made for leave to appeal to this court and the

motion was denied (284 N. Y. 817). We neither rejected nor accepted the conclusion reached in that case by the Appellate Division but denied the motion on the ground that if any substantial constitutional question was involved the plaintiff might appeal as of right. In the case at bar, plaintiff has appealed to this court pursuant to section 588, subdivision 1, of the Civil Practice Act, asserting that there is directly involved the constitutionality of sections 66 and 72 of the Workmen's Compensation Law.

Three problems are presented: (1) Whether sections 66 and 72 of the Workmen's Compensation Law when read together bar any recovery for partial disability due to silicosis or other dust disease: (2) if so, whether such an enactment constituted a valid and constitutional exercise of the legislative power; and (3) if the act is unconstitutional in that respect, whether a common law action for damages will lie or whether the Workmen's Compensation Law as it existed prior to the 1936 amendment remains in force and provides an exclusive remedy before the Industrial Board.

Article 1, section 18, of the New York Constitution (formerly article 1, section 19) provides: " Nothing contained in this constitution shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment * * * of compensation for injuries to employees or for death of employees resulting from such injuries * * *; or to provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries * * *."

The Workmen's Compensation Law as it existed prior to 1935 made no provision for compensation for silicosis or other dust disease. Section 10 provided generally for liability of the employer for compensation. Section 11 provided that " the liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee * * *

or any one otherwise entitled to recover damages, at common law or otherwise on account of such injury or death * * *." That provision was construed to mean that the liability of the employer prescribed in the act was exclusive only in so far as liability was asserted for an injury or disease covered by the act (*Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139). Since the act did not cover silicosis or other dust disease, we held that an action at law to recover damages for injury, death or disease from dust would lie. As a result of that decision, the act was amended in 1935 so as to cover disability from any and all occupational diseases contracted in hazardous employment where the injurious exposure occurred on or after September 1, 1935 (Workmen's Compensation Law, § 3, subd. 2, ¶ 28; L. 1935, ch. 254).

In 1936 silicosis and other dust diseases were excepted from the general provisions of the act and a new article (4-A) was added to the Workmen's Compensation Law dealing with dust diseases as a special problem (L. 1936, ch. 887). It was therein provided that " compensation shall not be payable for partial disability due to silicosis or other dust disease " (§ 66) and " the liability of an employer prescribed by this article shall be exclusive and in place of any other liability whatsoever, at common law or otherwise, to such employee * * * on account of any injury, disability, or death, caused by the inhalation of harmful dust * * *," (§ 72). The two provisions last above quoted are the ones attacked on this appeal.

Were we to construe these sections as denying any remedy whatever to workmen suffering partial disability from silicosis caused by the employer's negligence, their invalidity would seem clear. The authority granted the Legislature was to enact laws for the payment of compensation for injuries and to make " *the right of such compensation, and the remedy therefor * * * exclusive* " (N. Y. Const. art. 1, § 18). The plan envisioned in the Constitution was one of give and take on the part of both employer and employee (*Matter of Jensen* v. *Southern Pacific Co.*, 215

N. Y. 514, 526, 527; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469, 478; *New York Central R. R. Co.* v. *White*, 243 U. S. 188). A remedy existed under the common law not alone for total disability; damages likewise were recoverable when only partial disability resulted. If totally disabled, the injured employee was required to give up his right to recovery under the common law but was given a remedy for compensation under the Workmen's Compensation Law. If defendant's contention is to prevail, the workman not only was compelled to give up his remedy under the common law when only partially disabled but to give up any remedy at all since the Workmen's Compensation Law provides no remedy for his injury. Such a result is clearly in violation of article 1, sections 6 and 18, of the New York State Constitution and of the Fourteenth Amendment to the Constitution of the United States (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271, 292–300; *Matter of Jensen* v. *Southern Pacific Co.*, *supra*). A right of action is a property right (*Pritchard* v. *Norton*, 106 U. S. 124, 132) which may not be arbitrarily. interfered with and, though the form of remedy may be changed, a substantial right to redress by some effective procedure must be preserved (*Gibbes* v. *Zimmerman*, 290 U. S. 326, 332; *Hardware Dealers Mut. Fire Ins. Co.* v. *Glidden Co.*, 284 U. S. 151, 158; *Crane* v. *Hahlo*, 258 U. S. 142, 147; *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 571; *Iowa Central Ry. Co.* v. *Iowa*, 160 U. S. 389, 393). By its express terms, article 1, section 18, of the Constitution preserves this principle of law intact.

In construing a statute, every presumption must be indulged in favor of its constitutionality and the courts will so interpret the language of the act that it may stand without conflict with the fundamental law, if it is possible to do so without offending the intention of the Legislature (*People ex rel. Bridgeport Sav. Bank* v. *Feitner*, 191 N. Y. 88; *Matter of Sugden* v. *Partridge*, 174 N. Y. 87; *Germania Sav. Bank* v. *Village of Suspension Bridge*, 159 N. Y. 362; *Curtin* v. *Barton,* 139 N. Y. 505; *Buffalo East Side R. R.*

*Co.* v. *Buffalo Street R. R. Co.*, 111 N. Y. 132; *People ex rel. Sinkler* v. *Terry*, 108 N. Y. 1; *United States Trust Co.* v. *United States Fire Ins. Co.*, 18 N. Y. 199). In seeking out the intention of the Legislature from the act as a whole the courts are not bound to close their eyes to the consequences of the construction contended for (*Ewen* v. *Thompson-Starrett Co.*, 208 N. Y. 245). It is to be presumed that the lawmakers did not intend an unjust, absurd or oppressive result (*Flynn* v. *Prudential Ins. Co.*, 207 N. Y. 315; *People* v. *Ahearn*, 196 N. Y. 221).

In this era of enlightened social legislation it would be absurd to say that the Legislature has designed to create in this State a legion of industrial derelicts. Yet, this must of necessity result from construing article 4-A of the Workmen's Compensation Law as barring all those suffering partial disability due to silicosis from any remedy. By section 65 of the act it is declared to be the policy of the Legislature to prohibit through every lawful means available any requirement compelling an applicant for employment in harmful dust-generating industries to undergo a medical examination. Section 67 makes the employer liable in whose employment the employee was last injuriously exposed. Section 69 provides that no compensation shall be payable to an employee who falsely represents in writing that he has not previously been disabled from the disease which is the cause of disability or death. Thus, according to defendant's contentions, the employer may rid himself and all industry of liability by the simple expedient of discharging any employee who evidences any of the first symptoms of partial disability from the disease. Subsequent employers are relieved of liability by procuring from the applicant a written statement that he has not previously suffered the disability which caused his discharge, and, of course, he must so state if he is to be employed.

We are not here concerned with the wisdom of the legislation, but only with the intent of the Legislature in enacting the statute. The total absence of equity and justice in a statute as construed one way may very well compel a

different interpretation. No other provision of the Workmen's Compensation Law can be pointed to which takes away the remedy of a person partially disabled through either accidental injury or occupational disease. To construe article 4-A as defendant maintains would do violence to the fundamental and primary idea behind such statutes — to establish a system of insurance to protect society from the burden of disabled workmen, the employees' share in the cost being reflected in wages and the employers' share being carried as an operating expense (*New York Central R. R. Co.* v. *White,* 243 U. S. 188), would make it clearly unconstitutional and would fly in the face of the intent of the Legislature specifically and in clear and unambiguous language expressed.

We hold that article 4-A is constitutional. It does not provide, however, for compensation for partial disability for injury. As to such disability the Legislature has not made that act the exclusive remedy for the person injured. As we held in the *Barrencotto* case (*supra*), the common law remedy for such an injury still remains. By the amendment, article 4-A, so far as the subject treated was concerned, all remedies under the Workmen's Compensation Law as it previously existed were abolished. To hold the amendment constitutional it must be found that the Legislature intended to preserve for the injured workman his common law action if partial disability only resulted from injury. If the law is to be changed, that is the concern of the Legislature and no concern of the courts. With the opinion in the *Barrencotto* case before it the Legislature expressed its intent in language that is not only clear and understandable but in language that is not open to construction when it provided (§ 66) that "compensation shall not be payable for partial disability due to silicosis or other dust disease." It intended as a necessary consequence of that language that the common law right of action for injuries for partial disability should still exist. The intent so apparent cannot possibly be changed by any quibble over the meaning of the wording of section 72.

Article 4-A excludes from section 3 of the Workmen's Compensation Law all reference to dust diseases, disability or death from such diseases. In other words, it is a provision exclusive as to all such diseases. This is necessarily so since the Legislature at the time of the enactment of article 4-A inserted in section 3, subdivision 2, that that section shall not be construed to apply " to any disability or death due to any disease described, in article four-a of this chapter " (L. 1936, ch. 887, § 1). We held in the *Barrencotto* case that injury or death from silicosis was not accidental within the meaning of the Workmen's Compensation Law. Consequently the law as it existed prior to the 1936 amendment, by express command of the Legislature, cannot under any contingency have any application to partial disability from silicosis. The statute as it now exists expressly prevents an award by the Industrial Board for anything less than total disability due to silicosis (Workmen's Compensation Law, § 66).

It is difficult to find any warrant or authority for disposing of the appeal on a technical defect in pleading. Defendant's motion to dismiss the complaint is on the specific ground that the court does not have jurisdiction of the subject-matter of the action (Rules Civ. Prac., rule 107, subd. 2). That was the only ground that was considered or could be considered in the lower courts. Plaintiff alleges that his injuries were such as were not within the purview of the Workmen's Compensation Law and that article 4-A of the Workmen's Compensation Law is unconstitutional in so far as it prohibits the commencement of an action for negligence by, and, at the same time, fails to make provision for compensation for, " persons who were employed subsequent to September 1st, 1935, and who suffered injuries to the lungs through the employer's negligence or through the employer's violation of statutory laws *unless said person is permanently and totally disabled*, and therefore, amounts to a deprivation of substantial rights of this *plaintiff* without due process of law * * *." The complaint contains allegations of injury and damage. On this motion,

all facts alleged and all facts that can reasonably be implied must be considered as pleaded (*Sage* v. *Culver*, 147 N. Y. 241; *Moss* v. *Cohen*, 158 N. Y. 240). The fact that plaintiff is only partially disabled is sufficiently clear from the facts pleaded in the complaint for the purposes of this motion. " The question of jurisdiction of the subject-matter is not dependent upon the state of facts which may appear in a particular case (*Hunt* v. *Hunt*, 72 N. Y. 217), nor upon the question whether the allegations of the complaint set out a good cause of action upon a subject of which the court has jurisdiction (*Belden* v. *Wilkinson*, 44 App. Div. 420, 422) " (3 Carmody's New York Practice, p. 2252). Since the complaint has not been attacked for insufficiency at any stage of the proceedings, we must assume that the complaint alleges a cause of action at common law (*Westchester Lighting Co.* v. *Westchester County Small Estates Corp.*, 278 N. Y. 175, 178; *Buttles* v. *Smith*, 281 N. Y. 226, 237; *Homin* v. *Cleveland & Whitehill Co.*, 281 N. Y. 484, 487) unless section 72 of the Workmen's Compensation Law is held to bar such an action. If the complaint is technically defective, the defect may be cured by amendment, but if, after a decision of the merits of the present appeal to this court, defendant fails to move against the complaint on the ground of its insufficiency, the defect in the pleading may be cured by the evidence upon the trial (*Lounsbury* v. *Purdy*, 18 N. Y. 515; *Whittlesey* v. *Delaney*, 73 N. Y. 571; *Babbett* v. *Young*, 51 N. Y. 238; *Homin* v. *Cleveland & Whitehill Co.*, *supra*).

Unless barred by constitutional or statutory limitations upon our jurisdiction, I believe the constitutional question raised by the record here should be decided on the merits. In November, 1940, the limitations upon our jurisdiction compelled us to deny the motion to appeal to this court in the *Del Busto* case. Immediately thereafter litigants sought to have the question of the constitutionality of article 4-A determined on a direct appeal under section 588, subdivision 3, of the Civil Practice Act from a Special Term order dismissing a complaint. In spite of the fact

that the parties sought by stipulation to eliminate every question except that of the constitutionality of the act, we were constrained to dismiss the appeal on the ground that the constitutional question was not the only question involved and jurisdiction was not conferred by that stipulation (*Powers* v. *Porcelain Insulator Corp.*, 285 N. Y. 54). Although we are told that those were test cases and the present one is a test case and that many pending cases are awaiting disposition of the constitutional question by this court, it is now proposed to dispose of the case because of insufficiency of the complaint, a point which is not urged by defendant and which, whether urged or not, in my opinion is not here, and to intimate to the litigants that perhaps, in the distant future, we may consider the constitutional question if they pursue another route to this tribunal. Sometime the question here raised must be answered. In my opinion, the question which the parties seek to have decided is properly and necessarily here for our consideration and determination (*Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122, 131, 132; *Matter of Davega-City Radio, Inc.*, v. *State Labor Relations Board*, 281 N. Y. 13, 19) and should be decided now.

The judgment appealed from should be reversed, with costs, and the motion denied.

LEHMAN, Ch. J., LOUGHRAN, CONWAY and DESMOND, JJ., concur in opinion *Per Curiam;* FINCH and LEWIS, JJ., concur in result; RIPPEY, J., dissents in opinion.

Judgment affirmed.