JOHN CIFOLO et al., Appellants, *v.* GENERAL ELECTRIC COMPANY, Respondent.

DORE, J. (dissenting in part). Plaintiffs appeal from an order of Special Term dismissing the complaint on defendant's motions under rules 106 and 107 of the Rules of Civil Practice. In this action, the plaintiffs in sixteen causes of action, sue defendant, employer, for injuries caused by silicosis in the course of their employment due, it is alleged, to defendant's violation of the Labor Law of the State of New York. In an opinion, the Special Term dismissed the complaint and directed judgment in defendant's favor basically on the ground that, although the Workmen's Compensation Law expressly excludes

any remedy for partial silicotic injury and disability, controlling decisions of the courts also bar any remedy to recover damages at common law for such injury or disability. The court also dismissed certain portions of causes of action by reason of the bar of the Statute of Limitations.

This action was commenced by service of the summons and complaint on March 22, 1950. Accordingly, so much of each cause of action as relates to claims for injurious exposure prior to March 22, 1944, is barred by the applicable Statute of Limitations (Civ. Prac. Act, § 48, subd. 2; *Schmidt* v. *Merchants Dispatch Transp. Co.,* 270 N. Y. 287, 300–302–306). The issue survives, nevertheless, whether the causes of action for the time subsequent to March 22, 1944, may be maintained at common law.

Numerous decisions are relied on by respondent but an analysis indicates that the Court of Appeals and this court have never decided *on the merits* the precise issue presented herein adversely to the claims now made by appellants. The cases relied on were basically grounded on the alleged unconstitutionality of prior sections 66 and 72 of article 4-A of the Workmen's Compensation Law (L. 1936, ch. 887). By raising the constitutionality of those sections, the courts did hold that the plaintiffs in the prior cases had pleaded themselves out of court since in such actions even if prior sections 66 and 72 were unconstitutional, plaintiffs' sole remedy would still be in proceedings under the Workmen's Compensation Law and "rights to compensation would be governed by the provisions of that statute, as it stood before sections 66 and 72 were enacted, as to compensation for disability from occupational diseases" (*Scherini* v. *Titanium Alloy Co.,* 286 N. Y. 531, 535; *Powers* v. *Porcelain Insulator Corp.,* 285 N. Y. 54; *Rotella* v. *Titanium Alloy Co.,* 285 N. Y. 628; *del Busto* v. *Du Pont de Nemours & Co.,* 167 Misc. 920, affd. 259 App. Div. 1070, motion for leave to appeal denied 260 App. Div. 842, 248 N. Y. 813; *Soraci* v. *Colonial Sand & Stone Co.,* 191 Misc. 1056, affd. 276 App. Div. 895, motion for leave to appeal denied 277 App. Div. 769, 301 N. Y. 816). Article 4-A was repealed *in toto* by chapter 431 of the Laws of 1947.

The present plaintiffs contend not that the exclusive remedy section of the present Workmen's Compensation Law is unconstitutional, but rather that by reason of the limited scope of liability created by the present compensation law, plaintiffs have the right to a common-law action for partially disabling silicosis.

The basic aim of the Workmen's Compensation Law, denying to employees, because they were in the status of employees, the common-law right of action which every other person in the community retained, was to substitute for such denial a *remedy* by way of workmen's compensation from which the uncertainties of issues in the law courts were entirely eliminated and compensation liability was provided for specific injuries irrespective of negligence or contributory negligence.

Section 11 is now the "exclusive remedy" clause and provides that the "liability of an employer" as provided in section 10 to secure compensation for his employees for their disability from injuries arising in the course of their employment "shall be exclusive". As indicated by the language used, the exclusion expressly refers to the "liability" imposed upon the employer to "*such* employee" for "*such* injury." (Italics supplied.) But the only liability imposed is compensation for "Silicosis or other dust diseases resulting in *total* disability". (Workmen's Compensation Law, § 3, subd. 2, par. 28, as amd. by L. 1947, ch. 431.) (Italics supplied.) Section 39 as amended by the same chapter (L. 1947, ch. 431, § 8) expressly provides that "compensation shall

not be payable for *partial* disability due to silicosis or other dust disease". (Italics supplied.) As the only liability imposed on the employer is for *total* disability, and the exclusive remedy clause limits only the "liability" imposed, that clause cannot apply to a liability not imposed but expressly excluded, viz., partial as distinguished from total resulting silicotic disability. Any other analysis flies in the face of reason.

This reasoning is confirmed by the authority of the Court of Appeals itself in *Barrencotto* v. *Cocker Saw Co.* (266 N. Y. 139). In that case the Court of Appeals, precisely on the ground that the industrial injury of silicosis was wholly outside the then existing compensation statute, determined that where the statute failed to establish basic liability coverage for the particular injury, the injured employee retained the right to seek damages in an action at law; for this reason it denied a motion to dismiss that complaint at common law and held the complaint sufficient. The Court of Appeals said: "There is still a field in which the statute fails to impose liability, on the part of an employer, to provide compensation for injury or death, regardless of fault; and in which an injured person may seek damages by action at law, where there has been fault." (266 N. Y. 139, 146.)

It is as clear in this case that the present statute fails to impose any liability on the employer to provide compensation for injury for *partial* silicosis, as it was in the *Barrencotto* case that the statute then in question failed to provide any liability whatever for any injury partial or total resulting in silicosis. For the injuries through partial silicosis, the Workmen's Compensation Law expressly denies any remedy whatever and excludes such injury from the specific liability imposed upon employers by that law. Accordingly, if we hold that no remedy for such injury survives at common law, we hold that, although a wrong has been done, there may be a right but there is no remedy. As a consequence, the large numbers of employees who suffer serious injuries from partial silicosis by reason of wrongful breach of duty by the employers are left without any remedy whatever. The irony is that this result is the necessary effect, we are assured, of legislation passed to extend the protection afforded to workmen against industrial injuries!

Accordingly, I dissent in part and vote to modify the order appealed from so as to affirm dismissal of such parts of the causes of action alleged as are based upon liability accruing prior to March 22, 1944, and otherwise to reverse such order and deny the motion to dismiss the complaint.

Peck, P. J., Cohn and Bergan, JJ., concur in decision; Dore, J., dissents in part, in opinion.

Order affirmed, with $20 costs and disbursements to respondent. No opinion.