JOHN CIFOLO et al., Appellants, *v.* GENERAL ELECTRIC COMPANY, Respondent.

FRED COPE et al., Appellants, *v.* GENERAL ELECTRIC COMPANY, Respondent.

Argued January 5, 1953; decided April 9, 1953.

*Frank J. Donner, David Scribner, Arthur Kinoy* and *Marshall Perlin* for appellants in both actions. I. The action may be maintained. (*Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139; 3 Duke Bar Assn. Journal 96; *Donnelly* v. *Minneapolis Mfg. Co.,* 161 Minn. 240.) II. Plaintiffs may maintain a common-law action against defendant for the injury of partially disabling silicosis resulting from defendant's negligence and violation of the labor laws of the State of New York. (*del Busto* v. *Du Pont de Nemours & Co.,* 259 App. Div. 1070; *Schwartz* v. *Bausch & Lomb Opt. Co.,* 291 N. Y. 765; *Scherini* v. *Titanium Alloy Co.,* 286 N. Y. 531; *Soraci* v. *Colonial Sand & Stone Co.,* 276 App. Div. 895.) III. Plaintiffs may institute and maintain this action at law since the Workmen's Compensation Law is an exclusive remedy only to the extent that it specifically establishes some basic statutory liability covering the particular injury involved. The State Constitution expressly confines the operation of the " exclusive remedy " provisions of the Workmen's Compensation Law to particular injuries for which the statute establishes basic liability. (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Scherini* v. *Titanium Alloy Co.,* 286 N. Y. 531; *Shanahan* v. *Monarch Eng. Co.,* 172 App. Div. 221, 219 N. Y. 469; *Morris* v. *Muldoon,* 190 App. Div. 689, 229 N. Y. 611; *Farnum* v. *Garner Print Works & Bleachery,* 184 App. Div. 911, 229 N. Y. 554; *Repka* v. *Fedders Mfg. Co.,* 239 App. Div. 271, 264 N. Y. 538.) IV. The Workmen's Compensation Law does not grant compensation coverage or liability for partially disabling silicosis. (*Schwartz* v. *Queensboro Farm Products,* 191 Misc. 778; *Shinnick* v. *Clover Farms Co.,* 169 App. Div. 236; *Matter of Nigohosian* v. *Daub & Co.,* 275 App. Div. 463.) V. The 1947 amendments to the Workmen's Compensation Law emphatically reaffirm the authority to bring this action at law for a partial silicotic disability injury. (*del Busto* v. *Du Pont de Nemours & Co.,* 167

Misc. 920; *Soraci* v. *Colonial Sand & Stone Co.*, 191 Misc. 1056, 276 App. Div. 895.) VI. The common-law action for damages is properly available to plaintiffs for the entire period during which the Workmen's Compensation Law failed to provide compensation liability for partial silicotic disability. VII. The causes of action set forth in this complaint are not in any part outlawed by the Statutes of Limitation. The causes of action should be viewed as arising with the discovery of the injury. (*Urie* v. *Thompson*, 337 U. S. 163.) VIII. Each period of exposure to the silicotic dust and other impurities resulting from defendant's continuous and repeated violations of the Labor Law of this State should be viewed as creating a new injury and, correspondingly, a new and separate cause of action. (*Baxter* v. *State of New York*, 189 Misc. 525; *Sadowski* v. *Long Island R. R. Co.*, 292 N. Y. 448.)

*Phil E. Gilbert, Jr.*, and *Harold A. Segall* for respondent in both actions. I. The Workmen's Compensation Law bars this action. (*Powers* v. *Porcelain Insulator Corp.*, 285 N. Y. 54; *Scherini* v. *Titanium Alloy Co.*, 286 N. Y. 531; *Schwartz* v. *Bausch & Lomb Opt. Co.*, 263 App. Div. 1065, 291 N. Y. 765; *del Busto* v. *Du Pont de Nemours & Co.*, 167 Misc. 920, 259 App. Div. 1070; *Soraci* v. *Colonial Sand & Stone Co.*, 191 Misc. 1056, 276 App. Div. 895; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Repka* v. *Fedders Mfg. Co.*, 239 App. Div. 271, 264 N. Y. 538; *Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199, 250 U. S. 596; *Morris* v. *Muldoon*, 190 App. Div. 689, 229 N. Y. 611; *Farnum* v. *Garner Print Works & Bleachery*, 229 N. Y. 554; *Mnich* v. *American Radiator Co.*, 263 App. Div. 573, 289 N. Y. 681.) II. The 1947 amendments to the Workmen's Compensation Law made no substantive change in the provisions relating to partial disability resulting from silicosis. (*Powers* v. *Porcelain Insulator Corp.*, 285 N. Y. 54; *Soraci* v. *Colonial Sand & Stone Co.*, 191 Misc. 1056, 276 App. Div. 895.). III. Subdivision 2 of section 48 of the Civil Practice Act bars so much of each cause of action as accrued prior to March 22, 1944.

DESMOND, J. At the time these actions were commenced, each plaintiff was, and had been for several years, employed by defendant at one of its manufacturing plants. The complaints

allege that, during the period of those employments, defendant negligently and in violation of certain provisions of the New York Labor Law, failed to provide and maintain, proper devices to remove dust and other impurities from the air, that conditions dangerous to the health of plaintiffs and other employees were thereby created, and that, as a result thereof, plaintiffs inhaled large quantities of dust and other impurities which created in each of them the condition known as partially disabling silicosis. The complaints further alleged that, although this disease condition from which plaintiffs suffer is an injury or occupational disease listed in and covered by the New York State Workmen's Compensation Law, the law does not bar these suits, and that, if that statute were to be construed as setting up such a bar, such a result would be violative of those provisions of the New York Constitution (art. I, § 6) and the Federal Constitution (14th Amendt.) which guarantee due process of law.

Each suit was made the subject of a motion by defendant to dismiss under rules 106 and 107 of the Rules of Civil Practice on these grounds: first, that certain parts of the various causes of action were barred by lapse of time; second, that none of the alleged counts in either complaint contained facts sufficient to constitute a cause of action; and, third, that the court has no jurisdiction of any of the causes of action sought to be pleaded. The motions were granted. We agree with the holdings of the courts below that the provisions of the Workmen's Compensation Law are a complete bar to the maintenance of any of the causes of action in these two complaints, and so it will not be necessary herein to deal with the questions as to the Statute of Limitations.

It is conceded that the employments at which all these plaintiffs worked are included among those "Hazardous employments" set forth in section 3 of the act, as to which workmen's compensation is payable for injuries or death, and that defendant has provided for payment of such compensation to its employees. It is conceded, too, that silicosis and other dust diseases are on the list of occupational ailments for which compensation is payable under subdivision 2 of section 3 of the act. But, as the complaints themselves point out, the act specifically

provides, as it has provided for some years, that compensation is payable for silicosis or other dust diseases only when they result in total disability or death. Sections 10 and 11 of the act (read with §§ 38 and 39 thereof) make it clear that, for injury or death arising out of and in the course of employment, from occupational diseases, the liability of an employer who, like this employer, has complied with the compensation act, shall be exclusive " and in place of any other liability whatsoever * * * at common law or otherwise ". Since 1936 (see chapter 887 of the Laws of that year, being article 4-A of the Workmen's Compensation Law, since repealed), the Workmen's Compensation Law has said in plainest terms that compensation, while payable for total disability or death due to silicosis or other dust diseases, shall not be so payable for partial disability from those causes. That such is the meaning and intent of the statute cannot be disputed. That no disability is payable for partial disability due to silicosis and similar dust diseases has been held in every decision in which the matter has been raised, directly or indirectly, beginning with our opinion written in 1941 in *Powers* v. *Porcelain Insulator Corp.* (285 N. Y. 54). The *Powers* case dealt with article 4-A of the act, since repealed, but the present subdivision 2 of section 3 (see " No. 28 "), read with sections 10, 11, 38 and 39 of the act, has the same meaning. That these statutes forbid compensation payments for partial silicosis disabilities was expressly recognized by the Governor in 1947 in a memo signed by him in connection with a statute passed in that year (N. Y. Legis. Ann., 1947, p. 211). The history of the legislative treatment of workmen's compensation benefits for silicosis sufferers reveals that the Legislature had precisely this result in mind, since it first (see L. 1935, ch. 254) put under compensation coverage both total and partial silicosis disabilities, and then, the next year (see L. 1936, ch. 887, *supra*), cut down that coverage, by this language: " Compensation shall not be payable for partial disability due to silicosis or other dust disease." Not only is this legislative intent unmistakably clear from the language used but any other meaning or intent would be most improbable; no one becomes totally disabled from these diseases before first passing through a partial disability phase, and no

Legislature could conceivably intend that, as to the partial phase, the sufferer would have a common-law cause of action with possible heavy damages, but for the subsequent total disablement would be relegated to lesser compensation awards only.

What plaintiffs are really arguing here is that the Workmen's Compensation Law is unconstitutional in that it purports to leave without any remedy employees partially disabled from silicosis. As we remarked in *Scherini* v. *Titanium Alloy Co.* (286 N. Y. 531, 537), that contention, even if correct, would not authorize a common-law suit since it would merely mean that partially disabled claimants would be thrown back onto the 1935 statute which authorized workmen's compensation for both partial and total disability from silicosis. However, our statement to that effect in *Scherini* (*supra*) was, in a sense, '' dictum '', and none of our subsequent opinions has contained a flat answer to the question here presented: Is restricting workmen's compensation benefits to totally disabled silicosis sufferers only, constitutional? We now hold expressly what is implicit in our *Scherini* opinion, and was flatly held by other courts in 1938 in *delBusto* v. *DuPont deNemours & Co.* (167 Misc. 920, affd. 259 App. Div. 1070, motion for leave to appeal denied 284 N. Y. 817), that is, that the Legislature acted within its powers in producing that result. In 1934, in *Barrencotto* v. *Crocker Saw Co.* (266 N. Y. 139), this court held that silicosis was not one of the occupational diseases dealt with in the Workmen's Compensation Law and that, accordingly, common-law actions for disabilities due to silicosis were not barred. The next year, as we have pointed out above, the Legislature supplied this omission by extending workmen's compensation coverage to '' all occupational diseases '', and, in 1936, it created a new limitation by denying compensation awards for partial silicosis disabilities. Whatever be the wisdom or justice of such a limitation, its constitutionality is clear. It is of the essence of workmen's compensation that the benefits therein provided as to any accidental injury or occupational disease are exclusive, and that, once the Legislature has specified those benefits, no damages or remedies against the employer are available elsewhere (see *New York Central R. R. Co.* v. *White,* 243 U. S. 188; *Matter of Jensen* v.

*Southern Pacific Co.,* 215 N. Y. 514, revd. on other grounds *sub nom. Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Shanahan* v. *Monarch Eng. Co.,* 219 N. Y. 469; *Repka* v. *Fedders Mfg. Co.,* 264 N. Y. 538). As the *Shanahan* case pointed out (see 219 N. Y., p. 478, *supra*) a new system was, by the Workmen's Compensation Law, substituted in its entirety. In the *Barrencotto* case a unanimous court assumed that when and if the Legislature should set up compensation benefits for silicosis, those benefits would be exclusive of any other remedy or right of action. In that and other decisions, reference is made to the fact that workmen's compensation laws designedly take away some of the workman's prior available remedies, in that, for instance, they deprive him of any recovery for pain and suffering (*Matter of Sweeting* v. *American Knife Co.,* 226 N. Y. 199), or for injuries or illnesses not industrially disabling (*Farnum* v. *Garner Print Works & Bleachery,* 229 N. Y. 554), and limit to comparatively small weekly amounts or small totals, the sums allowable by the board. It has never been doubted that, when an employment is covered into the act and awards are authorized for injuries and diseases arising out of and in the course of such employment, the fixation of the benefits, in dollars and limitations of periods of payment, is solely up to the Legislature. Thus, the New York statute since its original enactment has, in its section 12, forbidden awards, in some cases, for the first seven days (originally fourteen days) of disability (see *Matter of Gorle* v. *Joy Co.,* 230 N. Y. 595). If failure to award compensation for partial disability resulted in unconstitutionality, then, under plaintiffs' theory, section 12 would be subject to the same infirmity, and every injured workman would have a common-law suit for the first seven days of his disability. Workmen's compensation laws balance benefits. The disabled workman loses some of his former rights but gains some new ones. If the particular deprivation with which we are dealing here be harsh or inconsistent with enlightened social policy then it is up to the Legislature to improve the law. There is nothing the courts can do about it. The sum of it all is this: when the act makes a particular injury or disease compensable, then the Legislature has occupied the field, all other remedies are abrogated, and there is no remedy outside the act (see 121 A. L. R. 1143).

Similar statutes of other States denying awards for partial silicosis disability have been upheld in strong and convincing opinions (*Masich* v. *United States Smelting, Refining & Mining Co.*, 113 Utah 101, appeal dismissed 335 U. S. 866; *Moffett* v. *Harbison-Walker Refractories Co.*, 339 Pa. 112; see 2 Larson's Workmen's Compensation Law, p. 141). In all, there are thirteen States which so restrict awards made on account of dust diseases (see 1 Larson, *op. cit.*, p. 596, n. 88).

No different legal result is brought about by the inclusion in these complaints of accusations that the wrongs complained of were violations of express provisions of the State Labor Law (see §§ 200 and 299 thereof). For the reasons set forth in other parts of this opinion, it must be held that, for the contraction of silicosis, arising out of and in the course of employment, the sufferer's only recourse is that described in the Workmen's Compensation Law.

The judgments should be affirmed, with costs.

CONWAY, J. (dissenting). A number of employees of defendant commenced these actions at law against their employer to recover damages for injuries which they allege have been caused by a violation of the defendant's common-law duty to furnish to them a safe place in which to work as rewritten and enlarged by the statutory duties imposed by sections 200 and 299 of the Labor Law. Such common-law duty had been imposed upon an employer since we became a nation in 1776 and adopted the common law of England both in our nation and in our State. Subsequently our Legislature from time to time has substituted increased statutory obligations which made the original common-law duty more stringent and onerous. (See, e.g., L. 1897, ch. 415, § 86, under which the owner, agent or lessee of a factory was required to ventilate properly and sufficiently each workroom; L. 1909, ch. 36, § 86, as amd., requiring one such as defendant here who operates a factory to provide suction devices and exhaust fans to remove dust, gases, fumes, vapors, fibers and other impurities as may be generated or released in the course of the business carried on in such a factory.) From time to time our Legislature has amended such statutes for workers, the latest amendment to section 299 of the Labor Law having been enacted in 1941.

Present Labor Law (§ 200) reads as follows: "*General duty to protect health and safety of employees.* All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein. The board shall make rules to carry into effect the provisions of this section."

Labor Law (§ 299), insofar as applicable, reads as follows: "*Ventilation, heating and humidity.* 1. Every work room in a factory shall be provided with proper and sufficient means of ventilation, natural or mechanical or both, as may be necessary, and there shall be maintained therein proper and sufficient ventilation and proper degrees of temperature and humidity at all times during the working hours. If owing to the nature of the manufacturing process carried on in the factory work room excessive heat be created therein, there shall be provided, maintained and operated such special means or appliances as may be required to reduce such excessive heat.

" 2. All machinery creating dust or impurities in quantities tending to injure the health of employees shall be equipped with proper hoods and pipes connected to an exhaust fan of sufficient capacity and power to remove such dusts or impurities; such fan shall be kept running constantly while such machinery is in use. If the board decides that such apparatus is unnecessary for the health and welfare of the employees, or that other means of protection may be provided to safeguard the health and welfare of the employees against such injurious dusts or impurities, it may adopt rules excepting such machinery from the operation of this subdivision, or prescribing such requirements as will effectuate the intent of this subdivision.

" 3. If dust, gases, fumes, vapors, fibers or other impurities are generated or released in the course of the business carried on in any workroom of a factory, in quantities tending to injure the health of the employees, suction devices shall be provided which shall remove such impurities from the workroom, at their point of origin where practicable, by means of proper hoods connected to conduits and exhaust fans. Such fans shall be kept running constantly while the impurities are being generated or released." (See, also, Employers' Liability Law, §§ 2, 4.)

We now turn to the allegations of the complaint. Plaintiffs allege that defendant has failed to comply with and has violated the quoted sections of our Labor Law in that it has failed to maintain its factory in accordance with the requirements of sections 200 and 299 of the Labor Law by reason of the fact that (a) it has not provided each workroom with sufficient means of ventilation, natural or mechanical; (b) it has not maintained in the workroom of its afore-mentioned factory proper and sufficient ventilation and proper degrees of temperature and humidity at all times during working hours; (c) it has not maintained the special means and appliances in its workrooms required to reduce their excessive heat; (d) it has not equipped its machinery with proper hoods and pipes connected to exhaust fans of sufficient capacity and power to remove dust, gases, fumes, vapors, fibers and other impurities; (e) its exhaust fans have not been kept running continuously while machinery which releases and generates dust, gases, fumes, vapors, fibers and other impurities is in use, and (f) it has not provided suction devices which remove dust, gases, fumes, vapors, fibers and other impurities from the workrooms of said factory at their point of origin by means of proper hoods connected to conduits and exhaust fans, and has not kept its fans running constantly while such impurities are being generated or released.

The plaintiffs then allege that by reason of the failure of defendant to comply with the quoted sections of the Labor Law, dust, gases, fumes, vapors, fibers and other impurities have been released in the workrooms of defendant's factory and excessive heat has been created therein; that such dust, gases, etc., have been concentrated in the air of the workrooms and have created a danger to the lives, health and safety of plaintiffs; that the excessive heat created in the workrooms has also constituted such danger; that plaintiffs have as a result inhaled large amounts of dust, gases, fumes, vapors, fibers and other impurities and as a result they have lodged in the lungs of plaintiffs and have created a condition known as silicosis, pneumonoconiosis or chalitis; that as a result the life expectancies of plaintiffs have been lessened, their resistance to numerous diseases have been wholly or partially destroyed and that they have been required to undergo extensive medical treatment and will require further treatment and hospitalization.

The defendant without answering the complaint moved (1) for judgment, pursuant to rule 106 of the Rules of Civil Practice, dismissing the complaint and each cause of action therein, upon the ground that the complaint and each cause of action alleged therein do not state facts sufficient to constitute a cause of action, and (2) for judgment, pursuant to rule 107, dismissing the complaint and each cause of action alleged therein, upon the ground that it appears from the complaint and the moving affidavit that the court lacks jurisdiction of the subject of the action and of each cause of action alleged in the complaint.

It thus appears that, for the purpose of these motions made as to each of the complaints, the allegations therein must be taken to be true.

The motions so made were granted upon the theory that whatever injuries the plaintiffs had suffered were compensable, if at all, only under the Workmen's Compensation Law regardless of the fact that the defendant had failed to comply with the command of our Legislature that workmen be protected by definite mechanical means so as to avoid the injuries from which plaintiffs are suffering. The Workmen's Compensation Law was primarily adopted in order to provide payment of compensation to those who were injured by accident or through occupational disease while employed although the employer was without common-law or statutory fault. This court has never held that an employer may disregard or violate the provisions of our Labor Law with impunity and be subject only to the penalty of paying workmen's compensation for his wrongdoing. That would be to license the violation of statutes designed to protect workmen and to set at naught the legislative will.

There are other allegations in the complaint which were added so as to raise constitutional questions under both our State and Federal Constitutions. The complaints specify New York Constitution (art. I, §§ 6, 11, 18) and the Fourteenth Amendment to the United States Constitution. Such allegations are to the effect that no remedy under the Workmen's Compensation Law has been given the plaintiffs because, although injured by their employer's disregard and violation of our Labor Law sections enacted for their specific protection, they are not totally disabled and that it is only for total disablement through the

diseases from which plaintiffs are suffering that workmen's compensation is granted by our State. These plaintiffs are seeking redress for *injuries* from which they are suffering. " Disability " whether " partial " or " total " are words of art under definitions supplied in Workmen's Compensation Law vocabulary. It is true that where workmen's compensation is properly payable for " disability " our State statute provides no payment for partial disability suffered from dust disease but only for total disability suffered from dust disease. Plaintiffs accept that statutory situation. Years ago our court in an opinion written by LEHMAN, J., before he became Chief Judge, in *Barrencotto* v. *Cocker Saw Co.* (266 N. Y. 139), decided that no workmen's compensation payments had been provided for sufferers from dust diseases acquired while working in industry and that, therefore, such sufferers had remedy by action at law since it would be violative of our State Constitution to take away a common-law and statutory action without substituting another remedy. For a period of approximately one year thereafter our Legislature provided compensation payments for both partial and total disability from dust diseases but then withdrew compensation unless the sufferer had become totally disabled (see L. 1935, ch. 254; L. 1936, ch. 887). That is still the decisional law of our State. Subsequently, *Per Curiam* opinions and memoranda of our court have been misinterpreted by some members of the Bar but generally courts and judges have realized that we have never held that those injured by dust disease incurred in industry either (a) because of disregard and violation of common-law or statutory duties imposed to safeguard workers in industry, or (b) because of injuries sustained constituting less than total disability as defined in the Workmen's Compensation Law, although sustained without fault by the employer, were without remedy until the diseases had run their course to the point where the workers were totally disabled. (*Scherini* v. *Titanium Alloy Co.*, 286 N. Y. 531, 541, RIPPEY, J., dissenting; *Schwartz* v. *Queensboro Farm Products*, 191 Misc. 778, 782, WALTER, J.; *Soraci* v. *Colonial Sand & Stone Co.*, 191 Misc. 1056, 1057, PECORA, J.; *Cifolo* v. *General Elec. Co.*, 279 App. Div. 884, 885 [present case], DORE, J., dissenting.) The mere statement of the thought is its

refutation for it would be monstrous to say that such sufferers were to be economic derelicts and without aid from any source as they coughed their way to total disablement. To so hold would be violative of sections 6 and 18 of article I of our State Constitution and the Fourteenth Amendment to the United States Constitution.

We agree with the decision below insofar as it relates to the applicability of the Statute of Limitations.

The judgment of the Appellate Division, insofar as it affirmed the dismissal of such parts of the causes of action as are based upon liability accruing prior to March 22, 1944, should be affirmed. The judgment appealed from should otherwise be reversed and the motions to dismiss the complaints be denied, with costs in all courts.

LOUGHRAN, Ch. J., DYE, FULD and FROESSEL, JJ., concur with DESMOND, J.; CONWAY, J., dissents in opinion in which LEWIS, J., concurs.

Judgments affirmed.