Van Voorhis, J.
(dissenting). This direct appeal from a
judgment entered upon an order of a Special Term of the Supreme Court, taken under subdivision 4 of section 588 of the Civil Practice Act, which follows article VI (§ 3, subd. b, par. [2]) of the New York State Constitution, is being dismissed upon the ground that other than constitutional questions are involved. The court declines to consider whether the alleged nonconstitutional questions are substantial or merely frivolous. Where the jurisdiction of the Court of Appeals depends upon the presence of a constitutional question, the court will not entertain jurisdiction unless the constitutional question be substantial (Matter of Davega-City Radio v. State Labor Relations Bd., 281 N. Y. 13, 19; Powers v. Porcelain Insulator Corp., 285 N. Y. 54, 57). By the same token, it seems to me that before declining jurisdiction upon the ground that nonconstitutional questions are presented, the court should likewise inquire into whether such alleged other questions are substantial. In my view, the nonconstitutional questions alleged to be here are not substantial but frivolous, and should not result in a dismissal of the appeal. At most, they will automatically be disposed of by a decision of the constitutional question. The court should, at least, inquire into whether they are frivolous. If direct appeals under this constitutional and statutory procedural provision are to be dismissed in event of nonconstitutional ques *920 tions which lack any substantial basis, the effect is to nullify the provision authorizing direct appeals to this court. In my view the appeal should not be dismissed, but be decided upon the merits of the constitutional question.
Appeal dismissed, etc.