■ J. T. FALK & CO., INC., Appellant, v STATE UNIVERSITY CONSTRUCTION FUND, Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered June 2, 1975, which granted defendant's motion to dismiss the complaint, is unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. We are unable to say that the defendant acted arbitrarily or capriciously in defining the bid specifications. That such specifications were not too vague to be understandable or to form a basis for competitive bidding would seem to be sufficiently established by the fact that there were actually eight bids, including plaintiff's; that plaintiff's bid was only about 5% more than the lowest bid, and that six of the eight bids were within a range of less than 10% of the low bid. Concur—Stevens, P. J., Birns, Silverman, Capozzoli and Lynch, JJ.

■ RAPHAEL RAMOS, Respondent, v BROADWAY MAINTENANCE CORP., Appellant.—Order, Supreme Court, Bronx County, entered February 3, 1975, denying defendant's motion to dismiss the complaint, unanimously reversed, on the law, and said motion granted, without costs or disbursements. Plaintiff claims he was injured while in the performance of his duties for defendant due to the latter's alleged negligence and violation of the Labor Law. Defendant, at the time, was insured for its liability to its employees as required by the Workmen's Compensation Law. Indeed, it appears that plaintiff applied for and is currently receiving workmen's compensation benefits. Under such circumstances, no action at law may be maintained against defendant-employer. (Noreen v Vogel & Bros., 231 NY 317; Cifolo v General Elec. Co., 305 NY 209, cert den 346 US 874.) Concur— Stevens, P. J., Markewich, Murphy, Capozzoli and Lane, JJ.